THE STATE, EX REL. D'ALTON, PROSECUTING
ATTORNEY, *v.* MORSE.

*Justices of the peace — Jurisdiction — Section 1711-1, General Code*
*(103 O. L., 214) — Includes officers named in Section 1772,*
*General Code — Territory annexed to Toledo — Section 1716,*
*General Code.*

1. The officers named in Section 1772, General Code, are justices
   of the peace within the meaning of that term as used in Sec-
   tion 1711-1, General Code (103 O. L., 214).
2. Where a part of a township is attached to the city of Toledo
   and Port Lawrence township, a justice of the peace residing
   within the limits of that part of the township so attached may,
   under the provisions of Section 1716, General Code, execute
   the duties of the office of justice of the peace in the city of
   Toledo and Port Lawrence township and may hold court
   therein.

(No. 15322 — Decided July 1, 1916.)

IN QUO WARRANTO.

Facts are stated in the opinion.

*Mr. John C. D'Alton,* prosecuting attorney, and
*Mr. Allen J. Seney,* for relator.

*Mr. Cornell Schreiber,* for defendant.

NEWMAN, J.   The relator invokes the original
jurisdiction of this court in *quo warranto.*   His
petition is challenged by demurrer upon the ground
that facts sufficient to constitute a cause of action
are not stated therein.   On the 2d day of Novem-
ber, 1915, the defendant, Wilbur S. Morse, was
elected, in Adams township, Lucas county, Ohio,
a justice of the peace, and duly qualified as such of-
ficer and exercised the duties and privileges of said

office in that township.    Thereafter the city of
Toledo, Port Lawrence township, Lucas county,
duly annexed to said city of Toledo and Port
Lawrence township that part of Adams township
in which defendant resided and held court.    De-
fendant was not elected ·or appointed a justice of
the peace of Port Lawrence township, nor was he
elected or appointed a judge and justice of the peace
of the city and justice's court of the city of Toledo
and the township of Port Lawrence.

It is alleged that defendant unlawfully holds and
exercises the privileges, franchise, rights and juris-
diction of a justice of the peace of Port Lawrence
township without any legal warrant, grounds, or
right whatsoever, to the damage and prejudice of
and against the laws of the state of Ohio.    The
prayer of the petition is that defendant be required
to answer by what warrant he claims to hold, ex-
ercise, and enjoy the office of justice of the peace in
and for Port Lawrence. township, Lucas county,
and that he be adjudged not entitled thereto and
that judgment of ouster therefrom be pronounced
against him.

By force of the amendments to the constitution
of this state, effective January 1, 1913, the office of
justice of the peace then ceased to be a constitu-
tional office.    Acting under the authority conferred
upon it by Section 1, Article IV, of the Constitu-
tion, as amended in 1912, to establish courts in-
ferior to the court of appeals, the general assembly
on April 18, 1913, enacted Section 1711-1, General
Code (103 O. L. 214), which is as follows:

"That there be and is hereby established in each

of the several townships in the several counties of the state of Ohio, except townships in which a court other than a mayor's court now exists or may hereafter be created having jurisdiction of all cases of which justices of the peace have or may have jurisdiction, the office of justice of the peace.

"The jurisdiction, powers and duties of said office, and the number of justices of the peace in each such township shall be the same as was provided by the laws in force on September 3rd, 1912. All laws and parts of laws in force on said date, in any manner regulating such powers and duties, fixing such jurisdiction or pertaining to such office or the incumbents thereof are hereby declared to be and remain in force until specifically amended or repealed, the same as if herein fully re-enacted."

Defendant claims the right to execute the duties of the office of justice of the peace in the city of Toledo and Port Lawrence township by virtue of the provisions of Section 1716, General Code, which reads as follows:

"If a part of a township is attached to another township, justices of the peace residing within the limits of that part so attached shall execute the duties of their office in the township to which such part is attached in the same manner as if elected for such township, and may hold court therein."

This section was in force on September 3, 1912, and being a law pertaining to the office of justice of the peace it was one of the laws which Section 1711-1, General Code, *supra*, declared to be in force; and, not having been specifically amended or repealed, has remained in force.

But it is urged that there was no office of justice of the peace in the city of Toledo and Port Lawrence township on September 3, 1912, and that therefore the provisions of Section 1711-1, General Code, are not applicable. If the office of justice of the peace did not exist in that city and township it was because it had been abolished by Section 1772, General Code, which reads as follows:

"In the city of Toledo and the township lying wholly therein, the boundaries whereof are or hereafter may be concurrent with the boundaries of such city, there shall be three judges and justices of the peace in and for such city and township. They shall be elected at the regular municipal election therein in the same manner, shall hold office for the same term, possess the same jurisdiction, powers, duties and liabilities, and be subject to the same qualifications and disqualifications as justices of the peace for townships."

It is to be presumed that the general assembly was mindful of Section 9, Article IV, of the Constitution of 1851, which provided for a competent number of justices of the peace in each township of the several counties. In the enactment of Section 1772, General Code, that body was complying with the mandate of the constitution and was providing for three justices of the peace in the city of Toledo and Port Lawrence township. It is true that in Section 1772, General Code, these officers are designated by a different name, yet they are nothing more nor less than justices of the peace. They are elected at the regular municipal election, hold office for the same term, possess the same judicial powers,

duties and liabilities, and are subject to the same qualifications and disqualifications as justices of the peace. This being true, when the general assembly in Section 1711-1, General Code, declared that all laws and parts of laws in force on September 3, 1912, in any manner regulating the powers, duties, and fixing the jurisdiction of justices of the peace should be and remain in full force until specifically amended or repealed, it was legislating with reference to the officers named in Section 1716, the same as though they had been designated justices of the peace. In the city of Toledo and Port Lawrence township there was, then, the office of justice of the peace. There did not exist "a court other than a mayor's court having jurisdiction of all cases of which justices of the peace have or may have jurisdiction," and therefore that city and township did not come within the exception named in Section 1711-1, General Code. Our conclusion is that when a part of Adams township was attached to the city of Toledo and Port Lawrence township, the relator, residing within the limits of that part so attached, was, under the provisions of Section 1716, General Code, entitled to execute the duties of his office in the city and township to which such part was attached.

*Writ denied.*

NICHOLS, C. J., JOHNSON, DONAHUE, JONES and MATTHIAS, JJ., concur.

WANAMAKER, J., not participating.